CURRAN vs COLLIER ET AL.

Opinion rendered September 26, 1907.

(104 S. W. Rep. 572).

1. *Action for Reward.*
    It was held under the evidence in an action for a reward offered by

a surety on a bail bond for the delivery of the principal, not error to refuse to direct a verdict in favor of the defendant.

2. *Same—Police Officers May Receive.*

A reward being offered by a surety on a bail bond for the delivery of the principal neither public policy nor positive law prevents police officers from receiving the reward; it being offered solely for the benefit of the surety to save him harmless on the bond.

Appeal from the United States Court for the Central District of the Indian Territory; before Justice W. H. H. Clayton, June 8, 1905.

Action by T. C. Collier and another against Martin Curran. From a judgment for plaintiffs in the commissioner's court, defendant appealed to the United States Court, and from its judgment he appeals. Affirmed.

*W. H. Fuller* and *Hale & Smith*, for appellant.

*J. E. Whitehead*, for appellees.

LAWRENCE, J. Appellees brought an action in United States Commissioner's Court against appellant to recover $100, alleged to have been promised verbally, as a reward for the arrest and delivery to appellant of one Will Faught for having failed to appear and answer a criminal charge, which he had undertaken to do under a bail bond of which appellant was surety. Appellant appeared in the Commissioner's Court and denied that he had offered a reward for the apprehension of said Faught. The finding and judgment in the Commissioner's Court was for the appellee for the $100 claimed and for costs. From this judgment appellant appealed, and the cause was tried to a jury in the District Court with like result. Appellant appeals to this court and assigns but two alleged errors committed by the District Court: First, the refusal of appellant's request to instruct the jury, at the close of the evidence, to return a verdict for defendant; second, the following charge of the court to the jury: "That under the circumstances of this case, if Mr. Curran offered a reward

generally—that is, that he would pay $100 for the apprehension of the man Faught, turned over to himself or the marshal—these plaintiffs, although they were officers, would have the right to avail themselves of that offer."

There was no evidence produced on the part of appellant in the trial, and the substance of that offered to sustain the demand of appellees was that appellant had become surety on Faught's bail bond for his appearance to answer to a criminal charge pending in the United States District Court at South McAlester, Ind. Ter., and appellant, being apprehensive that Faught would not appear to answer the bail, had orally offered a reward of $100 to any person or persons who would deliver Faught to him or the marshal. The appellees, thereafter, while acting as policemen of the city of South McAlester, saw Faught trying to board a passing railway train, and arrested him as a suspicious character. Upon searching him they found a letter disclosing his name to be Will Faught, and at the time, having knowledge that he was trying "to jump his bail," held him in custody until the next morning, when they notified appellant of the arrest and custody of Faught, and thereupon appellant admitted that he had offered the reward and would pay them the $100 promised. Upon these facts, the court was at liberty to instruct the jury to return a verdict for the plaintiffs, or the defendant, as it might have deemed the law applicable thereto.

The appellant's contention and lengthy citation of authorities upon the proposition that the law, founded upon public policy, forbids a public officer from receiving a reward for making an arrest of any one for the commission of a crime, have no application to the facts of this case, for the reason that the reward offered was not for the apprehension of one charged with a public offense. The reward was offered by a private individual for his sole special benefit, and to save him harmless as surety upon a bail bond. Under the law the

appellant had the right to take the body of Faught, or notify the marshal that he desired to surrender his principal, which would authorize the arrest by the marshal. In the case at bar, appellees arrested Faught merely · under suspicion that he was about to commit a public offense within an incorporated city in trying to jump upon a moving railway train. Upon examination of his person, information was obtained that he was a person wanted by appellant as surety upon the prisoner's bail bond, to enable the surety to surrender him to the marshal and thereby avoid his liability as such surety. Appellees, in their testimony, admit that they had not authority to hold the prisoner, but they saw fit to detain him until the following morning for an interview with appellant.' In this interview, they learned that the reward had been offered, and thereupon the prisoner was surrendered to the surety. Whether their action made them amenable to an action for false imprisonment by Faught is not necessary to consider, though as a converse proposition it might tend to prove the main proposition. The service manifestly was performed for the private use and benefit of appellant, upon a promise to pay whomsoever should deliver to him the body of his principal on the bond the $100 reward. Appellees did not arrest him in the first place for any crime, and only held him in custody over night for the purpose of turning him over to appellant, that he (appellant) might protect himself from liability on the bail bond. This was solely for the benefit and use of appellant. He could, upon receiving the body of Faught, have released him, to go at his pleasure, without concern to the government, so long as it was satisfied with the sufficiency of the bail. His promise to pay the reward of $100 was for his individual benefit, and not against any rule of public policy or positive law.

The errors alleged are not well taken, and the judgment is affirmed.

GILL, C. J., and TOWNSEND, J. concur.